UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

————————————————————X

DARRELL KORNEGAY,

         Petitioner,

   -against-

FEDERAL BUREAU OF PRISONS,

         Respondent.

————————————————————X

**MEMORANDUM AND ORDER**
07-CV-3990 (ARR)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 4 2007 ★

**BROOKLYN OFFICE**

ROSS, United States District Judge:

     Petitioner Darrell Kornegay, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, petitioner is directed to file an affirmation, within sixty (60) days of the entry of this Order, why the petition should not be dismissed for failure to exhaust administrative remedies.

## BACKGROUND

     Petitioner is currently serving a 37 month sentence at the Metropolitan Detention Center ("MDC") in Brooklyn. Pet. at 7. Petitioner states that he had previously been incarcerated at Lewisburg Camp, a minimum security prison "with free movement, no doors or locking devices . . . [and] was permitted to enjoy fresh air, a library for leisure reading as well as one for conducting legal research, a [r]ecreation [c]enter with pool tables and music rooms, an arts and crafts room for painting, sculpturing, etc., the ability to take correspondence courses, [and] a [r]ecreational [y]ard . . .." Pet. at 7. Petitioner states that he was transferred to MDC on June 18, 2007 and "was told mendaciously that this also was a 'Camp." Id. Petitioner alleges that the

conditions at MDC are far harsher than those at the prison "camp" where petitioner was previously detained. Petitioner states that "[i]nmates designated to M.D.C. Brooklyn are NON-VIOLENT, CAMP STATUS individuals, and in many cases, are self-surrenders. Nevertheless, they are treated as penitentiary status, or worse!" Pet. at 9. Plaintiff further states

> [i]nmates are confined to their unit for all recreational purposes. There is No leisure library!! The recreational area consists of four televisions suspended above and one CAGED recreational deck of approximately 95x45 feet or between 4000-4500 square feet. This is the total recreational are for 120+ men! There are approximately 22 inmates that work outside M.D.C. Brooklyn, namely, at Dayton Manor and Fr. Hamilton, and perhaps another 10 inmates that have access to fresh air on a routine basis serving in the Sanitation and Garage details. In essense, virtually 90% of the 360 man Cadre Unit do not go OUTSIDE AT ALL, and have not been outdoors for 2 years and longer! This treatment is unconscionable, and is again, punitive!!!

Pet. at 8-9.

Petitioner asks that a judicial officer be assigned to examine the conditions at the MDC, and that his sentence be reduced 50% to reflect the harshness of the conditions of confinement.

## DISCUSSION

A petition challenging the manner of execution of an inmate's sentence is properly brought pursuant to 28 U.S.C. § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Challenges to the execution of a sentence typically include matters such as "prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). However, Congress has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners. 18 U.S.C. § 3621; 18 U.S.C. § 4082. The Bureau of Prisons (BOP) has "sole discretion" to determine the facility in which a federal prisoner should be placed. United States v. Williams, 65

F.3d 301, 307 (2d Cir. 1995). In fact, the BOP's discretion in making classification decisions is 'virtually unfettered.' Gissendanner v. Menifee, 975 F. Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted). Thus, to the extent petitioner is implicitly requesting a transfer back to the Lewisburg Camp, the petition must be dismissed because he does not have a clear right to be relocated back to Lewisburg Camp, since the place of petitioner's confinement is within the BOP's sole discretion.

Petitioner further requests that his sentence be reduced to reflect the alleged harshness of confinement. The federal rules of criminal procedure give a district court the power to modify a sentence only in cases of illegality or mistake, discovered within seven days of the imposition of the sentence. See Fed. R. Crim. P. 35. The cases petitioner cites in support of his contention are all inapposite because they deal with downward departures of sentences to reflect harsh confinement conditions *before* a final sentence has been imposed. United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994) (downward departure in imposing sentence appropriate when prisoner's condition as alien would subject him to arbitrarily harsher conditions).

Finally, as for petitioner's claims regarding the conditions in the MDC, case law and federal regulations provide that a federal prisoner must exhaust their administrative remedies prior to filing a petition for habeas relief pursuant to § 2241. Carmona, 243 F.3d at 634. To exhaust in the federal prison system, prisoners must comply with a four-step process codified at 28 C.F.R. § 542, which requires that an inmate must first attempt to informally resolve his claims. See 28 C.F.R. § 542.13(a). Second, if dissatisfied with the informal resolution, the inmate must use a designated form to submit a written "Administrative Remedy Request" to the Warden within twenty days of the events triggering the complaint. See 28 C.F.R. § 542.14(a).

Third, if the formal request is denied, the inmate must appeal to the appropriate BOP Regional Director. See 28 C.F.R. § 15(a). Finally, an inmate must appeal a negative decision by the BOP Regional Director to the BOP's Office of General Counsel within thirty days of the date of the Regional Counsel's decision. Here, it does not appear that petitioner has brought his claims before the BOP and exhausted his administrative remedies. Therefore, petitioner's claims concerning the conditions of confinement at the MDC appear to be premature. However, in an abundance of caution, the Court grants petitioner the opportunity to show cause why his conditions of confinement claims should not be dismissed for failure to exhaust administrative remedies. If petitioner did not exhaust administrative remedies, his claims are premature and must be dismissed without prejudice to reinstate them after the administrative remedies have been properly exhausted. See Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir.2002) ("the dismissal of claims for failure to exhaust should be without prejudice").

## CONCLUSION

Accordingly, petitioner's place of confinement and reduction of sentence claims are dismissed. However, petitioner is directed to show cause by written affirmation, within sixty (60) days from the entry of this Order, why his conditions of confinement claims should not be dismissed for failure to exhaust administrative remedies.[1] No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
October 2, 2007

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DARRELL KORNEGAY

                    Petitioner,

        -against-

FEDERAL BUREAU OF PRISONS,

                  Respondent.

-------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
07-CV-3990 (ARR)

STATE OF _____ }
COUNTY OF _____ } SS:

    DARRELL KORNEGAY, makes the following affirmation under the penalties of

perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's order dated _____. The instant petition should not be dismissed for failure to

exhaust administrative remedies because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____          _____
                                Signature

                                _____
                                Address

                                _____

                                _____
                                City, State & ZIP

## SERVICE LIST

*Pro-Se Petitioner*

**Darrell Kornegay**
05501-082
MDC-Brooklyn
P.O. Box 329002
Brooklyn, NY 11232